Graham, Judge,
delivered the opinion of the court:
This case comes up on a demurrer to the petition. It involves the same transactions growing out of the construction for the Navy of the battleship Idaho which are presented in suit No. E-201, brought in this court by the *358 New York Shipbuilding Co. against the United States. The amounts sought to be recovered in the different counts in each of these suits are the same and the aggregate recovery claimed is the same.
The alleged contract out of which this controversy arose was between the New York Shipbuilding Co. and the Secretary of the Navy and was dated November 9, 1914, and work was completed on the ship about March 24, 1919. A copy of the contract is attached to plaintiff’s petition. It contains the following provision:
“ This contract shall not, nor shall any interest herein, be transferred by the contractor to any other person or persons.”
It is not necessary to go far into the facts of this case; The petition contains the following averment:
“ Thereafter and on or about the 12th day of December, 1916, all the property, business, and assets of said New York Shipbuilding Company (except said contract between said New York Shipbuilding Company and the defendant and except certain other contracts between said New York Shipbuilding Company and the defendant) were duly sold, transferred, and assigned to your petitioner, and your petitioner agreed in writing (a copy of which agreement, marked ‘ Exhibit B,’ is hereto annexed and made a part of this petition) to carry out and perform said contract for said New York Shipbuilding Company, and thereafter your petitioner, with the full knowledge, acquiescence, and consent of the defendant, did carry out and perform said contract as aforesaid for said New York Shipbuilding Company.”
Exhibit B mentioned in this averment is an agreement between plaintiff and the New York Shipbuilding Co., in the preamble of which it is recited that plaintiff on November 10, 1916, entered into an agreement with the American International Corporation by which it agreed to execute and deliver a declaration of trust with respect to this contract for the construction of the battleship Idaho and other contracts, “ which might not be assignable or transferable, to hold said contract and all the benefits thereunder in trust for said American International Corporation.” It further recites that the latter corporation has designated the plaintiff as the “ party to whom title is to *359 be made.” In consideration of the foregoing and $1 the New York Shipbuilding Co. agreed and bound itself to hold said contracts, including that for the construction of the Idaho, “ and all the benefits thereof exclusively in trust for the corporation [plaintiff], and the corporation [plaintiff] agreed to carry out and perform in all respects the said contracts,” to indemnify and protect the New York Shipbuilding Co. by reason of its continuing on the bonds in respect to said contracts. The contract is signed by plaintiff and the New York Shipbuilding Co.
It will be seen from the above-quoted averment of the petition that the plaintiff construes this agreement only as one “ to carry out and perform the said contract for the said New York Shipbuilding Co.”; that is to say, as a subcontractor.
The question involved would seem to be within narrow' limits. Either plaintiff is the owner of, with title to, the contract declared on in this suit and the benefits accruing thereunder or it is not. If it is not the owner and is without title, it has no enforcible right under it and no standing to maintain this suit. If it is the owner, it became such by virtue of an assignment of the contract to it by the New York Shipbuilding Co. As assignee of that contract it can not maintain a suit against the United States (Sec. 3737 of the Revised Statutes.) But, further, this agreement (Exhibit B) shows upon its face that it is not an assignment, and the contract itself forbids an assignment. It is unnecessary to enter into a discussion of what its rights may be under this contract as against other parties.
The demurrer should be sustained and the petition dismissed, and it is so ordered.
Hay, Judge; Downey, Judge; Booth, Judge; and Campbell, Chief Justice, concur.